**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MELVIN GRAY,

                Plaintiff,

vs.

SOCIAL SECURITY ADMINISTRATION,

                Defendant.

2: 14–cv–232–GMN–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

Before the court are *pro se* Plaintiff Melvin Gray's application to proceed *in forma pauperis* (#1[1]) and complaint (#1-1).

### *IN FORMA PAUPERIS* APPLICATION

Plaintiff Melvin Gray asserts in his application to proceed *in forma pauperis* that makes no money, has no savings, and does not own any vehicles. (App. (#1) at 1–2). Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

### LEGAL STANDARD

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] Parenthetical citations refer to the court's docket.

1

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

*Pro se* Plaintiff Melvin Gray brings this action against the Social Security Administration because the Administrative Law Judge "lied" when he determined that Gray received treatment for glaucoma and astigmatism. (*See* Compl. (#1-1) at 2). Gray's complaint, however, fails to invoke the court's powers of jurisdiction. Consequently, the court recommends that Gray's complaint be dismissed with leave to amend the deficiencies that are discussed below.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution or a specific federal statute. *Id*. (citation omitted). The burden of proving jurisdiction rests on the party asserting jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799). Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met.

Gray's complaint fails to satisfy the court's jurisdictional requirements because it is unclear whether he is appealing a final decision by the Social Security Commissioner or whether he is appealing an interlocutory order. The Social Security Act only provides for federal court review of final decisions of the Commissioner. *See* 42 U.S.C. § 405(g). Interlocutory orders, such as a decision by an Administrative Law Judge, are not reviewable by federal courts. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Gray's complaint does not specify whether (1) the Appeals Council reviewed the Administrative Law Judge's decision, (2) the Administrative Law Judge's decision became the final decision of the Commission, and (3) Gray filed suit within sixty days from the date at which the Commissioner rendered a final decision. *See* 42 U.S.C. § 405(g) (prescribing a sixty day statute of limitations). These facts are required to invoke the court's power of jurisdiction.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Gray's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff Gray is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

## RECOMMENDATION

IT IS RECOMMENDED that Plaintiff Daniel Ray Allen's Complaint (#1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that Plaintiff Gray file an amended complaint in accordance with the provisions set forth in this order and report and recommendation by a specific date. It is further recommended that failure to do so will result in the dismissal of the complaint with prejudice. Plaintiff is advised that under Local Rule 15-1 any amended complaint that is filed with the

1 court must be complete in itself without reference to prior filings. Any allegations, parties, or requests
2 for relief from prior papers that are not carried forward in the amended complaint no longer will be
3 before the court.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE