**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MELVIN GRAY,<br><br>                Plaintiff,<br><br>vs.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | 2:14–cv–232–GMN–VCF<br><br>**<u>ORDER</u>** |

       This matter involves *pro se* Plaintiff Melvin Gray's appeal from the Commissioner of Social Security's final decision denying Mr. Gray social security benefits. (*See* Amend. Compl. #5[1]). Before the court is Mr. Gray's amended complaint (#5). On April 25, 2014, the court held a hearing on Mr. Gray's motions. For the reasons stated below, the court orders the Clerk of Court to file Mr. Gray's amended complaint and serve the Commissioner with a summons and copy of the complaint.

**LEGAL STANDARD**

       Upon granting a request to proceed *in forma pauperis*, a court must screen the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th

---

[1] Parenthetical citations refer to the court's docket.

Cir. 1992).

## DISCUSSION

After reviewing Mr. Gray's amended complaint, the court finds that Mr. Gray's amended complaint states a plausible claim upon which relief can be granted. On February 14, 2014, the court submitted a report and recommendation recommending dismissal of Mr. Gray's complaint without prejudice because Mr. Gray's complaint failed to invoke this court's jurisdiction. (*See* Doc. #3). Specifically, the court determined that Mr. Gray's "complaint does not specify whether (1) the Appeals Council reviewed the Administrative Law Judge's decision, (2) the Administrative Law Judge's decision became the final decision of the Commission, and (3) Gray filed suit within sixty days from the date at which the Commissioner rendered a final decision. *See* 42 U.S.C. § 405(g) (prescribing a sixty day statute of limitations)."

On February 24, 2014, Mr. Gray filed an amended complaint (#5) and a motion to add evidence (#6) showing that Mr. Gray (1) appealed the ALJ's decision to the Appeals Council within the sixty-day time period prescribed by 20 CFR § 416.1468 and (2) filed this action to obtain judicial review of the Appeals Council's final decision within the sixty-day time period prescribed by section 405(g). Additionally, construing Mr. Gray's allegations regarding his glaucoma and astigmatism in light most favorable to him, the court finds that Mr. Gray has asserted a claim upon which relief can be granted under the Social Security Act. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1990).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court serve the Commissioner of the Social Security Administration by sending a copy of the summons and Amended Complaint (#5) by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore, Maryland 21235; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530; and (3) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Amended Complaint (#5) to the U.S. Marshal for service.

IT IS FURTHER ORDERED that from this point forward, plaintiff must serve upon Defendant, or his attorney if he has retained one, a copy of every pleading, motion, or this document submitted for consideration by the court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 25th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4